**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

JASON WHITE,
ADC #144276                                                                                    PLAINTIFF

V.                                    3:15CV00351 JM-JTR

LEE FERGUS,
Circuit Court Judge, et al.                                                          DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge James M. Moody, Jr.  You may file written objections

to all or part of this Recommendation.  If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of the entry of this

Recommendation. The failure to timely file objections may result in waiver of the

right to appeal questions of fact.

**I.  Introduction**

Plaintiff, Jason White, is a prisoner in the Varner Unit of the Arkansas

Department of Correction. He has filed this *pro se* § 1983 action alleging that

Defendants violated his constitutional rights. *Doc. 2.*  Pursuant to the screening

function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice.[1]

## II.  Discussion

Plaintiff alleges that Defendants Lee Fergus and Victor Hill, Judges for the Second Judicial Circuit of Arkansas, violated his constitutional right to due process of law when they denied his requests to withdraw guilty pleas he entered in two state criminal proceedings. *Doc. 2.* According to Plaintiff, Defendant Prosecutor Walden also violated his due process rights by seeking his conviction, rather than "justice." *Id. at 4.*  These claims must be dismissed for two reasons.

## A.     Absolute Immunity

First, judges are entitled to absolute immunity from lawsuits arising from their judicial functions.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Similarly, prosecutors are entitled to absolute immunity from lawsuits arising from their prosecutorial functions, such as the initiation and

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

pursuit of a criminal prosecution. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006); *Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003).

Plaintiff's claims against Defendants arise from their judicial and prosecutorial functions. Thus, those claims must be dismissed, with prejudice, because Defendants are entitled to absolute immunity.  However, a dismissal based on absolute immunity is not a strike, as defined by 28 U.S.C. § 1915(g). *Castillo-Alvarez v. Krukow,* 768 F.3d 1219, 1220 (8th Cir. 2014).

**B.     Failure to State A Claim**

This case must also be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.  Specifically, in *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that if a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, then the plaintiff cannot bring a § 1983 claim until that conviction or sentence is invalidated by the highest state court or a federal habeas court.

Clearly, success on the merits of Plaintiff's constitutional challenges would necessarily imply the invalidity of his state guilty pleas.  Therefore, he cannot bring a § 1983 claim until his state guilty pleas are invalidated by either the highest state court or a federal habeas court.  Thus, pursuant to the *Heck* doctrine, Plaintiff has failed to state a claim upon which relief may be granted, which is a proper basis for

imposing a strike under § 1915(g).[2] *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpublished opinion).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     This case be DISMISSED, WITH PREJUDICE, because Defendants are entitled to absolute immunity.

2.     Dismissal constitute a "STRIKE," as defined by 28 U.S.C. § 1915(a)(3), because Plaintiff has also failed to state a claim upon which relief may be granted.

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 13th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In other words, even if Plaintiff had named a proper defendant (such as his custodian), this § 1983 case would still have to be dismissed, without prejudice, as failing to state a claim upon which relief may be granted.